# THE CHELTENHAM IMPROVEMENT COMPANY
## v.
# WILLIAM H. WHITEHEAD.

*Trust Deeds—Foreclosure—Affirmative Relief—Waiver by Party Defendant—Apportionment of Taxes—Solicitor's Fees and Expenses—Agreement, Strictly Construed—Practice.*

1. In a proceeding to foreclose a trust deed, a party defendant, after having been defaulted, can not claim affirmative relief.

2. An agreement contained in a trust deed to pay the fees of complainant's solicitor and other expenses, in case of foreclosure, being contrary to the general public policy of this State, will be strictly construed.

3. In the case presented, the agreement to pay such fees and expenses is held to be inapplicable, the suit having been instituted by the *cestui que trust* instead of by the trustee.

4. Where the record contains two decrees, one having been vacated and the other entered at a subsequent term, and errors have been assigned on both, followed by a joinder in error, this court may review both decrees.

[Opinion filed May 31, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. FREDERIC ULLMAN, for appellant.

Messrs. WHITEHEAD & PICKARD, for appellee.

The default of the appellant, and the taking of the bill *pro confesso*, admits all the allegations of the bill. Rev. Stat. Chap. 22, Sec. 16; Moore v. Titman, 33 Ill. 357; Sullivan v. Sullivan, 42 Ill. 316; Cronan v. Frizell, 42 Ill. 319; Thompson v. Dearborn, 107 Ill. 87.

The court had a right, at any time, on motion, to correct clerical errors in the decree. Daniell's Ch. Practice (5th Ed.) p. 1029 *et seq.*, and authorities cited; Miller v. Rushforth, 3 Green Ch. (N. J.) 174; Thompson v. Goulding, 5 Allen, 81, 82; Cox v. Garst, 105 Ill. 342; Cooley v. Scharlett, 38 Ill. 316.

Although "final," in the sense that an appeal would lie from it, the decree was still in the power of the court, and the cause pending until the master had filed his report of sale, and a final order or decree entered confirming it. Reid et al. v. Morton, 119 Ill. 118, 132.

Even if there were error in vacating the first decree and entering a new one by a supplemental order, such order and decree were entered by the consent of all parties not in default; such entering was beneficial rather than harmful to appellant, and the decree should not be reversed for error that worked no harm to appellant. Hahn v. Huber, 83 Ill. 243; Hannas v. Hannas, 110 Ill. 53; Draper v. Draper, 68 Ill. 17.

BAILEY, J.   This was a bill in chancery to foreclose a deed

of trust. The facts disclosed by the record, so far as they are material to the questions presented by the appeal, are substantially as follows: On the 28th day of November, 1880, Ira N. Herrick executed two promissory notes for $17,040 each, payable to the order of Franklin H. Watriss in one and two years after date, with interest, and to secure their payment, executed a deed of trust to George W. Smith as trustee, conveying six separate parcels of land. The first note was paid at maturity, and two of said parcels of land were thereupon released from said deed of trust. Partial payments were made on the other note, and the present bill was brought to foreclose the deed of trust for the residue remaining unpaid.

The deed of trust contained, among other things, a covenant that the grantor would, in due season, pay all taxes on said lands, and, in case of his refusal or neglect so to do, the grantee, or his successors in trust, or the holder of said notes, or either of them, might pay such taxes, and that the moneys thus paid, with interest thereon at the rate of eight per cent. per annum, should become so much additional indebtedness secured by said deed of trust, to be paid out of the proceeds of the sale of said lands, if not otherwise paid by the grantor. Said deed of trust also contained the following provision:

"In case of default in the payment of said promissory notes, or either of them, or any part thereof, according to the tenor and effect of said notes, * * * or in case of waste or non-payment of taxes, * * * or in case of a breach of any of the covenants or agreements herein mentioned, then and from thenceforth it shall be lawful for the said party of the second part, or his successor in trust, or the person who may be appointed by the court to execute this trust, on application of the legal holder of said promissory notes, or any of them, to enter into and upon or take possession of the premises hereby granted, or any part thereof, and collect and receive all rents, issues and profits thereof, and in his own name or otherwise file a bill or bills in any court having jurisdiction thereof against the said party of the first part, his heirs, executors and assigns, to obtain a decree for the sale and conveyance of the whole or any part

of said premises for the purposes herein specified, by said party of the second part as such trustee, or as special commissioner, or otherwise, under order of court, and out of the proceeds of any such sale to first pay the costs of such suit, all costs of advertising, sale and conveyance, including the reasonable fees and commissions of said party of the second part or person who may be appointed to execute this trust, and five (5) per cent. on the amount of such principal, interest and costs for attorney's and solicitor's fees; also all other expenses of this trust, including all moneys advanced for insurance, taxes and other liens or assessments, with interest thereon at eight per cent. per annum, then to pay the principal of said notes, whether due and payable by the terms thereof or the option of the legal holder thereof, and interest due on said notes up to the time of such sale, rendering the overplus, if any, unto the party of the first part, his legal representatives or assigns, on reasonable request."

Prior to filing the bill, William H. Whitehead, the complainant, became the owner of the unpaid note by purchase, and Herrick conveyed all of said parcel of land to A. B. Meeker, who, in turn, conveyed three of the four tracts not released from the deed of trust to the Cheltenham Improvement Company. The bill makes the Cheltenham Improvement Company, George W. Smith, the trustee, Herrick, the maker of the notes, and various other parties who had or claimed some interest in the premises, parties defendant. The default of the Cheltenham Improvement Company was duly entered, and on reference to the master it was found that the balance, principal and interest, due on said note, was $13,182; that the complainant had been compelled to pay out the sum of $1,000 to redeem a portion of said premises from a tax sale; that he had paid out for an abstract of title, and for the procurement of certain information or data necessary to be used in preparing and filing the bill the sum of $260. To this the master added five per cent. of the amount found due, being $719, for solicitor's fees, thus making a total of $15,161. The master's report was approved, and a decree entered, fixing the amount due on the deed of trust at the last mentioned

sum, and awarding a sale of said premises therefor. The Cheltenham Improvement Company has appealed to this court.

No complaint is made as to the amount of principal and interest found due on said note, the controversy being as to the other items allowed by the master. It is claimed that the tax sale from which the complainant was compelled to redeem was not for taxes assessed upon either of the parcels of land conveyed by Meeker to the appellant, but upon the fourth parcel not released from the deed of trust, and that the decree should have placed the entire burden of that item upon that particular tract. If it be admitted that the appellant had a right to the relief here suggested, such right arose from general principles of equity and not from the terms of the deed of trust. That instrument provided that any money paid by the holder of the note for taxes should be so much additional indebtedness secured generally by the deed of trust, and the money so paid was made a lien on all the tracts conveyed. The appellant's right to have the taxes paid apportioned to the particular tract upon which they were assessed, if such right existed, grew out of the conveyance to it, subsequent to the execution of the deed of trust, of the residue of the premises covered by that instrument. Such apportionment of taxes was, therefore, a matter of affirmative relief which the appellant could obtain only by answer, or, perhaps, by cross-bill. The appellant, after having suffered a default, was clearly debarred from claiming it.

We are of the opinion that the other two items in dispute should have been disallowed. It is not the general policy of this State to charge the defeated party to a suit with the payment of the fees of the attorney or solicitor of the opposite party, or any other expenses of the litigation incurred by such party beyond what are properly known as costs. It is true a defendant may obligate himself by agreement to pay the fees of the complainant's solicitor, or other expenses of the suit, but such agreement, being a departure from the general public policy of the State, should be strictly construed, and should not be extended to any case not within its precise terms.

The deed of trust in this case provides for the payment of solicitor's fees and other expenses of the trust in case of the execution of the trust by the trustee or his successor, but makes no similar provision for the expenses of a suit brought, not by the trustee but by the party secured. Such suit is essentially different in its character, and in some of its legal consequences, from a suit brought by the trustee himself to enforce the trust. Where the party secured brings his bill to foreclose, the security is treated as a mere mortgage and not as a deed of trust. In such suit no attempt is made to execute the powers vested in the trustee or to take advantage of those provisions of the instrument which apply specifically to an execution of the trust by him. Those provisions are abandoned, and the *cestui que trust* seeks to avail himself of his equitable rights as mortgagee, without reference to the powers vested in the trustee.

It is urged that the language of the trust deed in relation to solicitor's fees and expenses, if properly interpreted, should be held to apply as well to suits brought by the holder of the note as by the trustee. We think otherwise. It is true the provision authorizes the trustee or his successor, in case of default, to enter into the mortgaged premises, and in his own name, *or otherwise*, to file a bill to foreclose, and to obtain a decree for the sale of said premises by him as trustee, special commissioner, *or otherwise*. It is manifest that all these provisions relate to a foreclosure suit instituted by the trustee, and not by the *cestui que trust*. It is equally clear that this is not such suit. The holder of the note, and not the trustee, is the actor, and this is in no way changed by the fact that the trustee is named as a party defendant.

We are of the opinion that the complainant, at the date of the decree, was entitled to a decree for said sum of $15,161, less the two sums of $719 and $260, that is, for the sum of $14,182.

The decree, as originally entered, after including $719 for solicitor's fees, and thus making up the sum of $15,161, directed the master, in making distribution of the proceeds of the foreclosure sale, to pay the complainant's solicitors, as their fees, five per cent. of the amount of such sale, and to pay to

Cheltenham Improvement Co. v. Whitehead.

the complainant out of the residue the full sum of $15,161, thus including the solicitors' fees twice. This, as soon as discovered, was conceded to be an error, and, for the purpose of eliminating it from the record, the court, at a term subsequent to the one at which the decree was entered, on motion of the complainant, vacated the decree and entered a new decree in all respects like the former one, except that it omitted said clause in relation to the payment to the complainant's solicitors of said five per cent. of the amount of the sale. It is from the second decree that this appeal was prosecuted.

Counsel have devoted considerable time to a discussion of the position in which the case is placed by the new decree, the appellant claiming that the term having elapsed the court had lost jurisdiction of the case and that the second decree is, therefore, void. On the other hand, it is suggested that if such be the case, the original decree stands in full force, and, as no appeal was prayed from that decree, it is not before this court for review. It does not seem necessary for us, however, to determine the soundness of either of the views here presented. The second decree, for the reasons already stated, must be reversed, and, so far as that decree is concerned, it becomes immaterial whether it is void or not. The original decree, though not appealed from, is brought to this court in the transcript of the record, and the appellant has assigned for error the entry of that as well as of the subsequent decree. The appellee has joined in error without in any way challenging the scope of the assignments of error, and so can not insist that the original decree is not before us. Although the appeal only brought up the second decree, yet, as errors have been assigned on both decrees, followed by a joinder in error, or that which, under our practice, is equivalent to such joinder, the whole record may be treated as being before us on writ of error. Both decrees then being here, and both being erroneous, they will both be reversed, and the cause will be remanded to the court below with instructions to enter decree for the amount due the complainant, omitting said two items of $719 and $260, and computing interest on the amount found due the complainant up to the date of such decree.

*Decree reversed.*