## Edward Payette et al.

### v:

## Free Home Building, Loan and Homestead Association.

*Trust Deed—Foreclosure—Building Association—Defective Organization—Estoppel—Attorney's Fees.*

1. Where there has been an attempt made in good faith to organize a loan and building association under the laws of this State, and the association has done business as a corporation, one who has borrowed money from it as a corporation *de facto,* can not set up its defective organization by way of defense to a bill for the foreclosure of a trust deed given to secure the payment of the money borrowed.

2. A provision in a trust deed authorizing the payment of attorney's fees in case of a foreclosure by the trustee, does not sustain a decree including attorney's fees upon a bill filed by the *cestui que trust.*

[Opinion filed September 19, 1888.]

In error to the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding.

Messrs. Henry Hudson and Young & Makeel, for plaintiffs in error.

Mr. Oliver N. Goldsmith, for defendants in error.

Moran, P. J. The decree appealed from in this case was entered on a bill filed by defendant in error against plaintiff in

error to foreclose a certain trust deed which was executed by
Edward Payette and wife to Patrick W. Holway as trustee, to
secure the payment of an indebtedness of $1,300 from said
Payette to the said defendant in error.

The loan was made under the terms usual with said Loan and
Building Association, and was payable in monthly installments,
and the borrower became, under the rules of the association,
a stockholder therein.   It is sought to defend against the right
of defendant in error to a decree of foreclosure, on the ground
that the association did not comply with the provision of the
law regarding the organization of such associations, and that
therefore it never became a corporation under the law, and
can not transact business or have a standing in court as such.

It appears that there was an attempt to organize the associ-
ation made in good faith under a law of this State author-
izing the organization of such associations, and that the associ-
ation has done business as a corporation, and that plaintiff in
error contracted with the association as a corporation *de facto*,
and received the money which, by his contract with the asso-
ciation, he agreed to repay, from the said association.   Under
such circumstances he will not be allowed to suggest a defect
in the organization in order to prevent the recovery of the
money loaned to him.   While under the rules of the associa-
tion he became a stockholder, yet the suit is not brought to
recover for his shares of stock, but to recover for money
advanced to him.   Hence he does not come under the excep-
tion to the general rule which allows a stockholder, when sued
for his stock subscription, to question the legal existence of a
corporation.   Hudson v. Green Hill Seminary, 113 Ill. 618.

The association was entitled to a decree of foreclosure for
the money loaned and the interest thereon according to the
terms of the agreement executed by Payette, but not to a
decree including attorney's fees; and the decree having allowed
attorney's fees against plaintiffs in error, must therefore be
reversed.

The trust deed which is being foreclosed authorized the
payment of attorney's fees in case a bill was filed by the trus-
tee, in his own name or otherwise, to obtain a decree for the

sale of the premises conveyed in the trust deed. This bill is not filed by the trustee, but by the *cestui que trust;* hence the agreement to pay attorney's fees does not apply in favor of the complainant. Stipulations in trust deeds or mortgages to pay attorney's fees are always strictly construed, and are never enforced except under the terms of the agreement they are clearly provided for.

See the opinion of this court by Mr. Justice Bailey, Cheltenham Beach Improvement Company v. Whitehead, 26 Ill. App. 609, where this question is fully considered, on a stipulation similar to the one contained in this trust deed.

For the allowance of the $130 attorney's fee the decree will be reversed and the cause remanded, with directions to the Circuit Court to enter a decree conforming to this opinion.

*Reversed and remanded.*